UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LAWSON,

               Plaintiff,                               Hon. Ellen S. Carmody

v.                                            Case No. 4:05-CV-33

TOWNSHIP OF ONTWA, et al.,

               Defendants.

_____/

## **OPINION**

This matter is before the Court on <u>Defendant Bucklen's Motion for Summary Judgment and Dismissal, Pursuant to Rule 12(b)(6) and Rule 56</u>.  (Dkt. #26).  On June 6, 2005, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1).  By Order of Reference, the Honorable Richard Alan Enslen referred this case to the undersigned.  (Dkt. #24).  Oral argument was heard on this motion on August 10, 2005.  For the reasons articulated below, Defendant Bucklen's motion is **granted** and Plaintiff's claims against Defendant Bucklen are **dismissed**.

## BACKGROUND

Plaintiff initiated this action on March 24, 2005, asserting various claims against the following individuals and entities: (1) Township of Ontwa; (2) Ontwa Township-Edwardsburg Police Board (OTEPB); (3) John Brielmaier, Ontwa Township-Edwardsburg Police Department (OTEPD)

Police Board Chairman; and (4) George Bucklen, a private citizen who owns property adjacent to Plaintiff. (Dkt. #1.)

In his complaint, Plaintiff alleges that Defendant Bucklen "has continued and repeatedly failed to monitor and/or control guests hunters/shooters who use his property, adjacent to Plaintiff, from shooting into Plaintiff's property and/or at Plaintiff, his property and/or possessions." (Dkt. #1 at ¶ 4.) Plaintiff alleges that the "Township of Ontwa and the OTEPD failed to protect Plaintiff's safety, property and possessions from a criminal act of reckless or careless use of firearms" which allegedly occurred on Defendant Bucklen's property. *Id.* at ¶ 11. Plaintiff further asserts that the "Township of Ontwa and/or OTEPD have failed to properly train officers" to prevent the harms alleged. *Id.* at ¶¶ 19-20. Finally, Plaintiff asserts that Defendant Brielmaier has improperly "failed to control, direct, and/or monitor the actions of said OTEPD and its employees." *Id.* at ¶ 24.

Plaintiff asserts that Defendants' actions have caused him to experience "a loss of enjoyment of life, peaceful use and enjoyment of his property, endangerment of Plaintiff's person, property and possessions, have caused mental or emotional anguish and fear, and have caused a loss or diminishment of equal protection under the law as due Plaintiff in the 14th Amendment to the U.S. Constitution." *Id.* at ¶ 2. While Plaintiff has asserted numerous claims which implicate Michigan law, he has asserted but a single claim implicating federal law, namely that his 14th Amendment right to equal protection of the laws has been violated.

## I.       Plaintiff's Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

Accordingly, it is illegal for states (or individuals acting under color of state authority) to make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005) (citations omitted). As is well recognized, however, to state a viable claim under the Equal Protection Clause, a plaintiff must allege that the discrimination which gives rise to the action was "intentionally" committed by "a state actor" or someone acting under color of state authority. *See Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 770 (6th Cir. 2005).

Plaintiff has not alleged that he is either a member of a suspect class or that he constitutes a "class of one." Moreover, even if the Court assumes that Defendant Bucklen's alleged actions burdened a fundamental right, Plaintiff has failed to allege (or present allegations from which such can be reasonably inferred) that Defendant Bucklen *intentionally discriminated against* Plaintiff. Finally, there is neither evidence nor allegation that Defendant Bucklen is a state actor or was acting under color of state authority. Accordingly, in light of the authority identified above, the Court concludes that Plaintiff has failed to state a claim against Defendant Bucklen for the alleged violation of his equal protection rights.

Having concluded that Plaintiff's equal protection claim is without merit, the Court turns its attention to Plaintiff's various state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*,

*Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same).  Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state law claims and instead dismisses all such claims without prejudice.

## CONCLUSION

For the reasons articulated herein, the Court concludes that <u>Defendant Bucklen's Motion for Summary Judgment and Dismissal, Pursuant to Rule 12(b)(6) and Rule 56</u>, (dkt. #26), must be **granted**.  Plaintiff's federal equal protection claim against Defendant Bucklen is hereby dismissed with prejudice.  Plaintiff's various state law claims are hereby dismissed without prejudice.  An Order consistent with this Opinion will enter.


Date:  August 10, 2005                    __/s/ Ellen S. Carmody_____
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge