UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LAWSON,

       Plaintiff,                                          Hon. Ellen S. Carmody

v.                                                                Case No. 4:05-CV-33

TOWNSHIP OF ONTWA, et al.,

       Defendants.

_____/

## OPINION

This matter is before the Court on <u>Defendant Township of Ontwa's Motion for Summary Judgment</u>. (Dkt. #45). On June 6, 2005, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Richard Alan Enslen referred this case to the undersigned. (Dkt. #24). For the reasons articulated below, Defendant Township of Ontwa's motion is **granted** and Plaintiff's claims against the Township of Ontwa are **dismissed**.

## BACKGROUND

Plaintiff initiated this action on March 24, 2005, asserting various claims against the following individuals and entities: (1) Township of Ontwa; (2) Ontwa Township-Edwardsburg Police Board (OTEPB); (3) John Brielmaier, Ontwa Township-Edwardsburg Police Department (OTEPD) Police Board Chairman; and (4) George Bucklen, a private citizen who owns property adjacent to Plaintiff. (Dkt. #1).

In his complaint, Plaintiff alleges that Defendant Bucklen "has continued and repeatedly failed to monitor and/or control guests hunters/shooters who use his property, adjacent to Plaintiff, from shooting into Plaintiff's property and/or at Plaintiff, his property and/or possessions." (Dkt. #1 at ¶ 4). Plaintiff alleges that the "Township of Ontwa and the OTEPD failed to protect Plaintiff's safety, property and possessions from a criminal act of reckless or careless use of firearms" which allegedly occurred on Defendant Bucklen's property. *Id.* at ¶ 11. Plaintiff further asserts that the "Township of Ontwa and/or OTEPD" have failed to "properly train officers" to prevent the harms alleged and, furthermore, have denied Plaintiff the right to the equal protection of the law. *Id.* at ¶¶19-20. Plaintiff asserts that Defendant Brielmaier has improperly "failed to control, direct, and/or monitor the actions of said OTEPD and its employees." *Id.* at ¶ 24.

Plaintiff alleges that Defendants' actions have caused him to experience "a loss of enjoyment of life, peaceful use and enjoyment of his property, endangerment of Plaintiff's person, property and possessions, have caused mental or emotional anguish and fear, and have caused a loss or diminishment of equal protection under the law as due Plaintiff in the 14th Amendment to the U.S. Constitution." *Id.* at ¶ 2. On August 10, 2005, the Court dismissed Plaintiff's claims against Defendant Bucklen for failure to state a claim upon which relief may be granted. (Dkt. #40-41). Defendant Township of Ontwa now moves for the dismissal of Plaintiff's claims. Plaintiff has failed to respond to Defendant's motion.

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's

allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

I.        **Plaintiff's Failure to Train Claim**

Plaintiff asserts that Defendant Township of Ontwa has failed "to properly train officers to pursue suspects where said suspects are, and not where suspects are not." This allegation appears to refer to Plaintiff's assertion that law enforcement officials have been unable to locate the individuals recklessly discharging their weapons on Defendant Bucklen's property.

The law regarding municipal liability is clear. While a municipality "may be liable under 42 U.S.C. § 1983 for a constitutional violation directly attributable to it, § 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees." *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978)); *see also*, *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694) (it is well established that a municipal entity cannot be held liable under § 1983 for an injury inflicted solely by its agents or employees).

If, however, "the municipality *itself* causes the constitutional violation at issue," liability under § 1983 is appropriate. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Allegations that a municipal entity has failed to properly train its agents or employees may serve as the basis for § 1983 liability only where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388. Deliberate indifference is not established simply by

demonstrating that the official at issue received inadequate training, as the officer's shortcomings "may have resulted from factors other than a faulty training program." *Id.* at 390-91.

Instead, Plaintiff must identify the alleged training deficiency and establish either (a) that the alleged deficiency is "obvious" and the resulting likelihood of a constitutional violation "great," *Vine v. County of Ingham*, 884 F.Supp. 1153, 1160 (W.D.Mich. 1995), or (b) that the alleged training deficiency *caused* the alleged constitutional violation. *City of Canton*, 489 U.S. at 391.

Plaintiff claims that Defendant Township of Ontwa has failed "to properly train officers to pursue suspects where said suspects are, and not where suspects are not." However, Plaintiff has presented neither evidence nor allegation that this alleged deficiency is "obvious" and that the likelihood that this deficiency will result in a constitutional violation is "great." Plaintiff has likewise presented neither evidence nor allegation that this alleged deficiency "caused" his alleged constitutional violation.

The Sixth Circuit has also indicated that "a plaintiff cannot ordinarily show that a municipality acted with deliberate indifference without showing that the municipality was aware of prior unconstitutional actions of its employees and failed to respond." *Stemler*, 126 F.3d at 865-66 (citing *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997)); *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). In this respect, Plaintiff has presented neither evidence nor allegation that Defendant was aware of prior unconstitutional actions of its employees and failed to respond to such.

In sum, Plaintiff has failed to allege facts that would entitle him to relief on this claim. Accordingly, the Court must dismiss Plaintiff's failure to train claim against Defendant Township of Ontwa.

**II.        Plaintiff's Fourteenth Amendment Equal Protection Claim**

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Accordingly, it is illegal for states (or individuals acting under color of state authority) to make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005) (citations omitted). As is well recognized, however, to state a viable claim under the Equal Protection Clause, a plaintiff must allege that the discrimination which gives rise to the action was "intentionally" committed by "a state actor" or someone acting under color of state authority. *See Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 770 (6th Cir. 2005).

Plaintiff has not alleged that he is either a member of a suspect class or that he constitutes a "class of one." Moreover, even if the Court assumes that any individual acting on behalf of the Township of Ontwa burdened a fundamental right, Plaintiff has failed to allege (or present allegations from which such can be reasonably inferred) that Defendant Township of Ontwa *intentionally discriminated against* Plaintiff. Accordingly, the Court concludes that Plaintiff has failed to state a claim against Defendant Township of Ontwa for the alleged violation of his equal protection rights.

Having concluded that Plaintiff's federal law claims against Defendant Township of Ontwa are without merit, the Court turns its attention to Plaintiff's various state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First*

*of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same).  Accordingly, the Court declines to exercise jurisdiction over the various state law claims which Plaintiff has asserted against Defendant Ontwa Township and instead dismisses all such claims without prejudice.

## CONCLUSION

For the reasons articulated herein, the Court concludes that <u>Defendant Township of Ontwa's Motion for Summary Judgment</u>, (dkt. #45), must be **granted**.  Plaintiff's federal law claims against Defendant Township of Ontwa are hereby dismissed with prejudice.  Plaintiff's various state law claims are hereby dismissed without prejudice.  An Order consistent with this Opinion will enter.


Date:  October 24, 2005                     /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge